UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL LORUSSO,

    Plaintiff,

v.                                        CASE NO.:  5:23-cv-160-JLB-PRL

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## ORDER[1]

Before the Court is *pro se* Plaintiff Michael LoRusso's "Petition for Civil Rights Violation," docketed on March 9, 2023, which is construed as a civil rights complaint because Plaintiff complains about the conditions of confinement within the Florida Department of Corrections. (Doc. 1). Plaintiff did not pay the $402 filing fee when he filed his complaint. Because Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), it dismisses this action without prejudice.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

frivolous, malicious, or fails to state claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g); see *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted)).   And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."   *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of Plaintiff's prior federal lawsuits, all of which were filed before this case and dismissed as frivolous, malicious, or failing to state claim upon which relief may be granted:

- *LaRusso v. McCabe*, Case No. 8:20-cv-1916-TPB-AEP (M.D. Fla.), order dated December 15, 2020, dismissing the complaint under § 1915(e) for failing to state a claim on which relief may be granted.

- *LoRusso v. Dillinger*, Case No. 8:20-cv-2748-WFJ-AAS (M.D. Fla.), order dated November 20, 2020, dismissing the complaint dismissing complaint because "[p]ublic defenders are not state actors under Section 1983 and may not be sued for such."

- *LoRusso v. Fayetteville*, GA., Case No. 1:03-cv-5-WLS (M.D. Ga.), order dated November 4, 2002, dismissing the complaint as frivolous pursuant to § 1915A.

- *LoRusso v. Upton*, Case No. 1:03-cv-190-WLS (M.D. Ga.), order dated December 30, 2003, dismissing the complaint as frivolous under § 1915(e)(2).

Also, Plaintiff is not exempt from section 1915(g)'s three-strikes rule, as the Complaint does not allege he is in imminent danger to a serious physical injury. *Mitchell v. Nobles*, 873 F. 3d 869, 872 (11th Cir. 2017).   Plaintiff's vague allegations about staff in his facility's mental health unit does not sufficiently allege

2

that he is imminently in danger of serious bodily injury so as to meet the § 1915(g) imminent danger exception. *See* Veteto v. Clerks, Judges & Justices of Ala. Courts, 2017 WL 6617051, at *3 (M.D. Ala. Oct. 19, 2017) ("To hold that amorphous claims relating to a prisoner's conditions of confinement render an inmate in 'imminent danger of serious physical injury' would eviscerate the three strikes provision."), *report and recommendation adopted*, 2018 WL 1004486 (M.D. Ala. Feb. 21, 2018).

The Court thus dismisses the Complaint without prejudice. If Plaintiff wishes to pursue his claim(s), he must file a new complaint—under a new case number—and pay the $402.00 filing fee.

Accordingly, it is **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of April 2023.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

SA:   OCAP-2
Copies:   All Parties of Record

3